

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. J. D. Looney
County Auditor, Bowie County
Boston, Texas

Dear Sir:

Opinion No. O-5869
Re: Salary of the County
Judge of Bowie County.

Your letter of January 28, 1944, requesting the opinion of this department concerning the salary of the County Judge of Bowie County is, in part, as follows:

"The salary of the County Judge of Bowie County, Texas, since shortly after the Salary Act went into effect, has been $3246.12 per year, said amount being the amount of the fees earned by the County Judge in 1935, less expenses of the County Judge's office for that year.

"During the year 1943, the fees earned by the County Judge totaled between seven and eight thousand dollars, practically all of which has been already collected. For the present year, 1944, the fees of office for the County Judge will probably run greatly in excess of what they did in 1943, as there are already enough fees and commissions in sight to exceed that amount.

"Under Articles 3883, Sec. 3, 3891 and 3912-e, Sec. 13, can the Commissioners' Court of Bowie County at its regular monthly meeting in January, 1944, increase the salary of the County Judge from $3246.12 to $4250.00 per year, where the County Judge's fees earned for 1943, less $3500.00, less the expenses of operating said office for that year, plus one-third of the remaining excess fees are sufficient to warrant such increase? * * *"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST-ASSISTANT

Bowie County had a population of 45,565 inhabitants according to the 1920 Federal census, and said county now has a population of 50,208 inhabitants according to the 1940 Federal census. Therefore, the county officials of said county must be compensated on an annual salary basis as required by Sec. 13 of Art. 3912e, Vernon's Annotated Civil Statutes.

Sec. 13 of Art. 3912e, supra, fixed the salaries of each county official named therein in the class of counties in which Bowie County falls, at not less than the total sum earned by him in his official capacity in the fiscal year 1935 the laws existing on August 24, 1935. The maximum salary of the County Judge of Bowie County under the applicable provisions of Articles 3883 and 3891, Vernon's Annotated Civil Statutes, for the year 1935 could not exceed the sum of $4250.00 per annum. The fees earned by the County Judge in his official capacity for the years 1943 and 1944 have nothing to do whatsoever in determining and fixing the annual salary of the County Judge for the years 1943 and 1944.

In answer to your question you are respectfully advised that it is the opinion of this department that in fixing the annual salary of the County Judge of Bowie County the Commissioners' Court of said county was legally authorized to fix the salary of the said County Judge at any sum not less than the total sum earned by him in his official capacity for the fiscal year 1935 and not more than the maximum amount allowed such officer under laws existing on August 24, 1935. Under existing laws on August 24, 1935, the maximum salary of the County Judge of Bowie County was $4250.00. Therefore, the Commissioners' Court had the legal authority to set the salary of the County Judge for the year 1944 at $4250.00 per annum.

In support of the foregoing statement, we direct your attention to the cases of Nacogdoches County vs. Winder, 140 S. W. (2d) 972, and Nacogdoches County vs. Kinkins, 140 S. W. (2d) 901.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/     Ardell Williams
               Assistant

AW:ep:bb

APPROVED FEB. 21, 1944
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By-B.W.B., Chairman